In the

# United States Court of Appeals
## For the Seventh Circuit

––––––––––––

No. 23-1125

ERIC OLLISON,

*Plaintiff-Appellant,*

*v.*

GREGORY GOSSETT, *et al.*,

*Defendants-Appellees.*

––––––––––––

Appeal from the United States District Court for the
Central District of Illinois.
No. 1:17-cv-01077 — **James E. Shadid**, *Judge.*

––––––––––––

DECIDED JUNE 24, 2025

––––––––––––

HAMILTON, *Circuit Judge*, in chambers. On May 7, 2025, the panel hearing this appeal issued an opinion affirming the judgment for defendants Gossett and Nicholson. I filed a separate dissenting opinion. 136 F.4th 729 (7th Cir. 2025). My dissenting opinion noted that plaintiff Ollison had settled with the Wexford defendants (the company and individual employees and former employees) for three million dollars.

Briefing in this appeal indicated that plaintiff had reached a settlement with the Wexford defendants. During oral argument, I asked plaintiff's counsel "is the settlement amount with Wexford and company public?" Plaintiff's counsel answered "yes." I asked for the amount, and counsel answered with the three million dollars sum. That argument took place in a public courtroom, of course, and the recording of the argument has been available through the court website since shortly after the November 8, 2024 argument.

After the majority and dissenting opinions were issued, the Wexford defendants, who were not parties to the appeal, filed a motion seeking to redact that dollar figure from the dissenting opinion and from as much of the public record as possible, including the record of oral argument. The Wexford defendants assert that plaintiff's counsel's answer about the settlement amount being public was false. They assert that the terms of the settlement agreement required the parties to keep the terms confidential and that confidentiality was a material and bargained-for term of the agreement.

Plaintiff's attorney responded to the motion. She does not dispute that the settlement agreement included a confidentiality term. She points out, however, that the settlement agreement with the Wexford defendants was "directly related" to a governmental function that the Wexford defendants performed for the Department of Corrections. That makes the settlement agreement a public record under the Illinois Freedom of Information Act, 5 ILCS 140/1 et seq. The Illinois Supreme Court held that such settlement agreements are public records in *Rushton v. Department of Corrections*, 2019 IL 124552, 160 N.E.3d 929 (2019). *Rushton* involved a similar settlement between a prisoner's estate and Wexford itself. The case was

decided at least two years before the parties to this case reached their supposedly confidential settlement. Plaintiff's counsel also points out that the terms of the settlement have previously been distributed to other members of the civil rights bar.

As a matter of Illinois law, the terms of the settlement agreement were matters of public record under *Rushton*, notwithstanding the agreement to keep those terms confidential. Plaintiff's counsel was correct to say the terms were public. Accordingly, there is no reason to redact the dissenting opinion or other records of this court to remove the terms of plaintiff's settlement with the Wexford defendants.

The motion by the Wexford defendants is denied.